**IN THE DISTRICT COURT OF WAGONER COUNTY**
**STATE OF OKLAHOMA**

| | | |
|---|---|---|
| GEORGE COLLINS and ALRIKA COLLINS, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. CJ-2022-5 Hon. Douglas Kirkley |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S MOTION TO STRIKE OR ALTERNATIVELY MOTION TO CLARIFY DAMAGES

**COMES NOW** the Defendant, State Farm Fire and Casualty Company ("State Farm"), by and through its attorneys of record, John S. Gladd and J. Andrew Brown, of the law firm Atkinson, Brittingham, Gladd, Fiasco & Edmonds of Tulsa, Oklahoma, and moves this Court for an Order striking the damages pleading in Plaintiffs' Petition for failure to comply with 12 O.S. §2008(A)(2) in pleading their damages. Section 2008(A)(2) requires Plaintiffs to specifically plead whether the damages they seek exceed the amount required for federal diversity jurisdiction, and having failed to do so, Plaintiffs' Petition has failed to either state the amount in controversy exceeds the amount required for diversity jurisdiction or state the exact damages sought if less than the diversity amount. Thus, the Court should strike the damages request in Plaintiffs' Petition. Alternatively, State Farm requests this Court enter an Order pursuant to 12 O.S. § 2009(H) requiring Plaintiffs to clarify whether the claimed damages will or will not exceed the amount of damages required for diversity jurisdiction as set forth in 28 U.S.C. § 1332. Pursuant to Section 2009(H) if this Court finds that Plaintiffs' damages are more likely than not to exceed the amount required for diversity jurisdiction, Plaintiffs must be ordered to amend their pleadings in conformance with Section 2008(A)(2).

**EXHIBIT 7**

In support of its *Motion*, State Farm would show the Court as follows:

1. Plaintiffs filed their Petition on January 11, 2022, seeking damages from State Farm for State Farm's alleged breach of contract and breach of the duty of good faith and fair dealing. (Exhibit 1 – Petition).

2. In their Petition, Plaintiffs request compensatory and punitive damages in an amount "greater than $10,000." (Ex. 1, pg. 3).

3. Title 12, Section 2008(A)(2) requires damages to be specifically pled. Section 2008(A)(2) requires:

> A demand for judgment for the relief to which he deems himself entitled. Every pleading demanding relief for damages in money in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code shall, without demanding any specific amount of money, set forth only that the amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, except in actions sounding in contract. Every pleading demanding relief for damages in money in an amount that is required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code or less shall specify the amount of such damages sought to be recovered. Relief in the alternative or of several different types may be demanded.

12 O.S. § 2008(A)(2).

4. "Statutes are to be construed by reading their provisions with the ordinary and common definitions of the words used unless the context dictates a special or technical definition is to be utilized." *State ex rel. W. State Hosp. v. Stoner*, 1980 OK 104, ¶7, 614 P.2d 59, 63.

5. The Supreme Court of Oklahoma has held that the word "shall" is a mandatory command and equivalent to the word "must." *Id.* at ¶8.

6. Section 2008(A)(2) states "[e]very pleading . . . shall . . . set forth only that the amount sought as damages is in excess of the amount required for diversity jurisdiction . . . except

in actions sounding in contract." Thus, every pleading, except those "sounding in contract" must comply with the damages pleading requirements of Section 2008(A)(2).

7. Plaintiffs' Petition seeks damages for an alleged breach of the implied duty of good faith and fair dealing; therefore, at least part of Plaintiffs' claims sound in tort. *Christian v. Am. Home Assurance Co.*, 1977 OK 141, ¶8, 577 P.2d 899, 901 ("An insurer owes to its insured an implied-in-law duty of good faith of fair dealing. . . . The violation of that duty sounds in tort notwithstanding that it may also constitute a breach of contract.").

8. Section 2008(A)(2) clearly requires Plaintiffs to state either (1) they seek damages in excess of the amount required for diversity jurisdiction or (2) if they seek damages equal or lesser than the amount required for diversity jurisdiction Plaintiffs must state the exact amount of damages sought. 12 O.S. § 2008(A)(2).

9. As Plaintiffs have not complied with the mandatory pleading requirement in Section 2008(A)(2), the damages request in Plaintiffs' Petition should be stricken.

10. In the alternative, State Farm moves this Court to enter an Order requiring Plaintiffs to clarify their damages pursuant to 12 O.S. § 2009(H).

11. Section 2009(H) provides a defendant may seek an order requiring plaintiff to "show by a preponderance of the evidence that the amount of damages, if awarded, will not exceed the amount required for diversity." If the Court finds any damages awarded will more likely than not exceed the amount required for diversity jurisdiction, the plaintiff shall amend the petition to conform with Section 2008(A)(2). *Id.*

12. State Farm's principal place of business is in the State of Illinois and it is incorporated in that state. Upon information and belief, Plaintiffs are residents of the State of Oklahoma. Since the parties are diverse, State Farm seeks to determine if Plaintiffs' damages

3

exceed the amount required for diversity jurisdiction for purposes of establishing diversity jurisdiction in this matter.

13.     Thus, this Court should enter an Order requiring Plaintiffs to clarify their damages in accordance with Section 2009(H) and to amend their Petition to conform with Section 2008(A)(2).

**WHEREFORE**, premises considered, Defendant State Farm Fire and Casualty Company requests this Court enter an Order striking the damages request in Plaintiffs' Petition, or in the alternative, require Plaintiffs to clarify their damages as set forth in 12 O.S. § 2009(H) and to amend their Petition to conform with Section 2008(A)(2) if their damages meet or exceed the requirements necessary for diversity jurisdiction.

Respectfully submitted,

**ATKINSON, BRITTINGHAM, GLADD, FIASCO & EDMONDS**
A PROFESSIONAL CORPORATION

John S. Gladd, OBA #12307
J. Andrew Brown, OBA #22504
1500 ParkCentre
525 South Main Street
Tulsa, OK 74103-4524
Telephone:  (918) 582-8877
Facsimile:   (918) 585-8096
Email:  jgladd@abg-oklaw.com
Email:  dbrown@abg-oklaw.com
*Attorneys for Defendant SFF&CC*

4

**CERTIFICATE OF MAILING**

This is to certify that on the 10th day of October, 2022, a true, correct, and exact copy of the above and foregoing instrument was mailed to the following with proper postage thereon fully prepaid:

Preston J. Dugas, III
DUGAS, CHEEK & CIRCELLI
1701 River Run, Suite 703
Fort Worth, TX 76107
Email: pdugas@dcclawfirm.com
*Attorney for the Plaintiff*

S:\Files\416\416\MTD or Mot Clarify-klp.docx

5