# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) GEORGE COLLINS and <br> (2) ALRIKA COLLINS, <br><br> Plaintiffs, <br><br> v. <br><br> (1) STATE FARM FIRE AND <br> CASUALTY COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 22-cv-00318-JAR <br> ) <br> ) <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) |

## DEFENDANT, STATE FARM FIRE AND CASUALTY COMPANY'S, ANSWER TO PLAINTIFFS' AMENDED PETITION

**COMES NOW** the Defendant, State Farm Fire and Casualty Company, by and through its attorneys of record, John S. Gladd and J. Andrew Brown, of the law firm of Atkinson, Brittingham, Gladd, Fiasco, Edmonds & Annis, of Tulsa, Oklahoma, and for its Answer to the Amended Petition of the Plaintiffs on file herein, states and avers as follows:

### I.

Defendant denies, both generally and specifically, each and every material allegation contained therein, and demands strict proof thereof, except that which may hereinafter be admitted.

### II.

Defendant admits the allegations contained in paragraphs 1 and 2 of Plaintiffs' Amended Petition.

### III.

As to the allegations contained in paragraph 3 of Plaintiffs' Amended Petition, Defendant would admit Plaintiffs' home sustained damage due to a fire on or about January 11, 2021. Plaintiffs do not define "severe" and it is therefore denied, demanding strict proof thereof by a preponderance of the evidence.

**IV.**

Defendant denies those allegations contained in paragraph 4 of Plaintiffs' Amended Petition. Defendant would admit this matter has been properly removed to the Eastern District of Oklahoma.

**V.**

Defendant denies those allegations contained in paragraphs 5, 6, 7 and 8 of Plaintiffs' Amended Petition.

**VI.**

Defendant admits the allegations contained in paragraph 9 of Plaintiffs' Amended Petition.

**AFFIRMATIVE DEFENSES**

**VII.**

By way of affirmative defense, Defendant would state Plaintiffs' Petition fails to state a claim upon which relief can be granted.

**VIII.**

By way of affirmative defense, Defendant would state that it has fully complied with the terms and conditions of the policy at issue.

**IX.**

Plaintiffs are not entitled to an award of attorney's fees or other costs.

**X.**

Defendant hereby pleads any and all affirmative defenses available to it under the Oklahoma Pleading Code which now or may hereinafter be applicable.

**XI.**

Plaintiffs have not met conditions precedent for further recovery under the subject policy of insurance.

XII.

Plaintiffs' claims/damages are the result of other parties for which this Defendant has no control.

XIII.

Defendant would state it is entitled to a setoff from any verdict awarded the Plaintiffs for those monies which, through time of trial, have been paid by State Farm to Plaintiffs or on their behalf.

XIV.

By way of affirmative defense, Defendant would state that to the extent Plaintiffs seek punitive damages, such damages are unconstitutional and violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article 2, Section 7 of the Oklahoma Constitution and the Oklahoma Constitution for the following reasons:

(a)   the standards under which such claims are submitted are so vague as to be effectively meaningless and threaten a deprivation of property for the benefit of society without the protection of fundamentally fair procedures;

(b)   the highly penal nature of punitive damages threatens the possibility of excessive punishment and almost limitless liability without the benefit of fundamentally fair procedures or any statutory limitations;

(c)   the introduction of evidence of this Defendant's financial worth is so prejudicial as to impose liability and punishment in a manner bearing no relation to the extent of any injury allegedly inflicted or to any benefit to this Defendant from any alleged wrongdoing and, therefore, any verdict would be the result of bias and prejudice in a fundamentally unfair manner.

XV.

Plaintiffs' claim for punitive damages constitutes an unconstitutional excessive fine under Article 2, Section 9 of the Oklahoma Constitution because such highly penal sanctions may be imposed for the benefit of society under standards so vague and effectively meaningless as to threaten

unlimited punishment bearing no relation to the extent of any injury allegedly inflicted at the unbridled discretion of the jury.

## XVI.

Defendant specifically reserves the right to amend this answer to include additional general and affirmative defenses, delete or modify defenses pled, upon completion of discovery or as facts warrant.

**WHEREFORE**, having answered Plaintiffs' Petition, this Defendant requests judgment in his favor and against the Plaintiffs, for its costs and attorney's fees incurred, and any other and further relief the Court deems just and equitable.

Respectfully submitted,

**ATKINSON, BRITTINGHAM, GLADD, FIASCO & EDMONDS**
A PROFESSIONAL CORPORATION

/s/ J. Andrew Brown
J. Andrew Brown, OBA #22504
1500 ParkCentre
525 South Main Street
Tulsa, OK 74103-4524
Telephone:  (918) 582-8877
Facsimile:  (918) 585-8096
Email:  dbrown@abg-oklaw.com
*Attorney for Defendant SFF&CC*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 22nd day of November, 2022, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

S. Alex Yaffe
Terry M. McKeever
FOSHEE & YAFFE
P.O. Box 890420
Oklahoma City, OK 73170
Email:  say@fylaw.com
Email:  tmm@fylaw.com
*Attorneys for the Plaintiffs*

                              / s/ J. Andrew Brown

S:\Files\416\416\Answer Amd Petition-djs.docx