IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) GEGEORGE COLLINS and <br> (2) ALRIKA COLLINS, <br><br> Plaintiffs, <br><br> v. <br><br> (1) STATE FARM FIRE AND <br> CASUALTY COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 22-cv-00318-RAW-JAR <br> ) <br> ) <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) |

**STIPULATED PROTECTIVE ORDER**
**[DKT #30]**

The parties have informed the Court that certain documents and information have been and may be sought, produced, or exhibited by and between the parties in this proceeding (the "Proceeding") and that some of these documents relate to Defendant State Farm Fire and Casualty Company's ("State Farm") financial information, competitive information, or other types of sensitive information which State Farm deems confidential. It has been agreed by the parties to the Proceeding, through their respective counsel, that to expedite the flow of discovery material and to preserve the confidentiality of certain documents and information, a protective order should be entered by the Court. The Court has reviewed the terms and conditions of this Protective Order and the Motion for Protective Order (Dkt. # 30) is granted. Based on the parties' submissions, it is hereby ORDERED that:

1.  **Scope**

    a.  This Order shall govern all documents, the information contained therein, and all other information produced or disclosed during the Proceeding, whether revealed in a document, deposition, other testimony, discovery response, or otherwise, by the parties in this Proceeding or to any other party (the "Receiving Party"), when the same is designated using the procedures set

forth herein. This Order is binding upon the parties to the Proceeding, including their respective corporate parents, subsidiaries, and affiliates as well as their respective attorneys, agents, representatives, officers, employees, and others as set forth in this Order. This Order is also binding on and applies to all non-parties who receive documents or information in connection with this Proceeding.

   b. Under this Order, the parties shall have the right to designate as confidential any document or other information it produces or provides and any testimony it gives in this Proceeding that it and its counsel believe in good faith discloses a trade secret or other confidential research, development, or commercial information contemplated under Rule 26(c) of the Federal Rules of Civil Procedure.

   c. "Confidential Information" means any material designated under Paragraph 1(b), whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer, or information otherwise revealed.

   d. Subject to paragraph 10(c), all documents and other materials produced in this litigation shall be used only for purposes of this litigation whether or not the parties designate such documents or materials as "Confidential."

**2.** **DESIGNATION OF CONFIDENTIALITY**

   a. Documents shall be designated as Confidential Information by marking the first page of the document and each subsequent page thereof containing Confidential Information with the legend: "CONFIDENTIAL" or "CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER."

   The party making the designation shall take care that its mark of confidentiality does not

obscure or render illegible the information on the document to which the mark is affixed.

b.        Interrogatory answers and responses to requests for admissions shall be designated as Confidential Information by indicating within the answers or responses that the answers or responses or specific parts thereof are confidential.

c.        In the case of depositions and the information contained in depositions (including exhibits), designation of the portions of the transcript (including exhibits) which contain Confidential Information shall be made by a statement to such effect on the record in the course of the deposition by counsel for the party or witness producing such information, or by letter from such counsel within thirty (30) days of receipt of the deposition transcript or copy thereof (or written notification that the transcript is available). The entire deposition transcript (including exhibits) shall be treated as Confidential Information under this Order until the expiration of the above-referenced thirty-day period for designation by letter, except that the deponent may review the transcript of his or her own deposition during this thirty-day period. After the expiration of the thirty-day period, the following legend shall be conspicuously placed on the front and back of any original deposition transcript, and on each copy thereof, which contains Confidential Information: "CONFIDENTIAL" or "CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER." If portions of a video recorded deposition are designated as Confidential Information, the video file and any physical media containing such file shall be labeled with the same legend provided for in Paragraph 2(a).

d.        If Confidential Information is produced in electronic or magnetic form (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks, or tapes) ("Computerized Material"), the parties may

designate such matter as "CONFIDENTIAL" by cover letter referring generally to such matter or by affixing to such media a label with the legend provided for in Paragraph 2(a) above. Where Computerized Material has a filename, each filename shall include the word "CONFIDENTIAL" in the filename when produced, to the fullest extent reasonably possible. Whenever any party to whom Computerized Material designated as Confidential Information is produced reduces such material to hard-copy form, such party shall mark such hard-copy form with the legend provided for in Paragraph 2(a) above.

  e. If any party or counsel for any party causes Confidential Information to be stored or saved in any database or other electronic or magnetic media, that party and/or that party's counsel must take all necessary steps to ensure that access to such media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information, and will affix to any media containing such information a label with the legend provided for in paragraph 2(a) above.

  f. NO SEALED FILINGS SHALL BE MADE PRIOR TO: (1) THE FILING OF A MOTION, AND (2) AN ORDER GRANTING SUCH MOTION.  The motion shall be filed at least two full business days prior to the date on which the proposed sealed filing is to be made.  If the motion is granted, such documents and materials shall be labeled "CONFIDENTIAL INFORMATION - SUBJECT TO COURT ORDER" and shall also bear the legend "FILED UNDER SEAL" on the cover page of the document.  Only those portions of such documents and materials containing or reflecting Confidential Information shall be considered Confidential and may be disclosed only in accordance with this Order. Each party shall use its best efforts to minimize filings that necessitate the filing of documents and materials designated Confidential

under seal. No party or other person may have access to any sealed document from the files of the Court without an order of the Court. This provision does not relieve the filing party of serving the document on other parties in accordance with ordinary procedures established by the civil and local rules or Court order. Regardless of any provision in this Order to the contrary, the parties do not have to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by the producing party.

  g. Documents filed under seal may be unsealed at the Court's discretion.

**3.** **<u>DISCLOSURE OF CONFIDENTIAL INFORMATION</u>**

  a. The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control access to, and distribution of information designated Confidential Information pursuant to this Order.

  b. Subject to Paragraph 6 below, access to information designated Confidential Information pursuant to this Order shall be limited to the following persons:

   i. The parties, including outside and in-house counsel for the parties, as well as members and employees of their firms including but not limited to their paralegals, investigative, secretarial, and clerical personnel who are employed by and engaged in assisting such counsel in this Proceeding;

   ii. Outside photocopying, data processing, or graphic production services employed by the parties or their counsel to assist in this Proceeding;

  iii. Any outside expert or consultant (or any employee of such outside expert or consultant) who is retained, or sought to be retained, by counsel for a party in this Proceeding, for purposes of consulting, and/or testifying in this Proceeding, and to whom counsel in good faith has deemed disclosure of such confidential material is reasonably necessary in order to assist in the preparation or the conduct of this Proceeding. This paragraph shall not relieve, change or otherwise affect any obligations or limitations imposed on any person by contract or law regarding the disclosure or use of trade secrets or other proprietary information.

  iv. Any fact witness at the witness's deposition in this Proceeding, but only if counsel who discloses "Confidential Information" to the witness determines in good faith that such disclosure is reasonably necessary and appropriate to assist in the conduct of this Proceeding;

  v. Any person (a) who was involved in the preparation of the document or other tangible medium containing the Confidential Information and/or who is shown on the face of the material to have authored or received the material sought to be disclosed to that person, or (b) who is specifically referenced by name and substantively discussed in the material, but only as to the specific material the person authored or received, or in which such person is referenced and discussed;

  vi. This Court or any other Court exercising jurisdiction with respect to this litigation, Court personnel, Clerk of Court and Clerk's office personnel, jurors, and court reporters or translators (including necessary clerical personnel) engaged in recording, taking, or transcribing testimony or argument at any deposition, hearing, trial, or appeal in this Proceeding; and

      vii.    Any other person to whom the producing party agrees in writing or on the record in advance of the disclosure, provided that the party seeking to make the disclosure must first submit a request, in writing or on the record, to the producing party explaining why the disclosure is necessary. If the producing party does not agree to allow the disclosure, the party seeking to make the disclosure may file a motion with the Court for approval to make the disclosure.

**4.**    **NOTIFICATION OF PROTECTIVE ORDER**

Confidential Information shall not be disclosed to a person described in Paragraphs 3(b)(iii), 3(b)(iv), 3(b)(v), or 3(b)(vii), until such person has executed a Certification in substantially the form attached hereto as Exhibit 1. The originals of an executed Agreement of Confidentiality shall be maintained by counsel for the party who obtained it until the final resolution of this litigation, and shall not be subject to discovery except upon motion on notice and a showing of good cause.  This prohibition includes either direct or indirect disclosure, including but not limited to, any disclosure by counsel or experts. At any deposition and absent the agreement of the parties, prior to the disclosure of any Confidential Information, the deponent shall be provided a copy of the form attached hereto as Exhibit 2 and shall be asked to affirmatively state on the record that he or she has received the form and consents to the restrictions contained within Protective Order, a copy of which shall be provided to the deponent.

**5.**    **USE OF CONFIDENTIAL INFORMATION**

a.    If any Confidential Information is to be used or reflected in any filing during this litigation, the party may move the Court for leave to file such material under seal and to file a public version of the document with narrow redactions. If the Court grants the motion, any sealed document must be electronically filed pursuant to the Court's *Guidelines for Protective Orders on*

*Confidentiality, Sealing Documents, and Redactions for Civil Cases* and the E.D.O.K. CM/ECF Administrative Guide. The Parties shall take efforts to minimize the nature and amount of information filed under seal. Where Confidential Information is mentioned in or attached to a pleading or brief, only the specific Confidential Information should be redacted from the filed pleading or brief, and an unredacted copy of it should be filed under seal.

      b.      The rules and procedures governing the use of Confidential Information at trial shall be determined by the Court at the final pretrial conference, upon request made by a party to the Proceeding.

      c.      Subject to Paragraph 10(c), Confidential Information shall not be used by any person, other than by the party that provided said Confidential Information, for any purpose other than conducting this Proceeding No. 22-CV-00318-RAW-JAR, which case is pending in the United States District Court for the Eastern District of Oklahoma, and in no event shall such information be used for any business, competitive, personal, private, public or other purpose.

**6.**      <u>**OBJECTIONS TO DESIGNATIONS**</u>

A party may, at any time, make a good-faith challenge to the propriety of a Confidential Information designation. The objecting party shall first consult with the designating party to attempt to resolve their differences. If the parties are unable to reach an accord as to the proper designation of the material, after giving notice to the designating party, the objecting party may move the Court for a ruling that the material shall not be so designated, subject to compliance with Federal Rules of Civil Procedure and Local Court Rules on discovery motions, including a certification in the motion that the parties have met and conferred in good faith on the issue. If such a motion is made, the designating party has the burden of establishing that the designation is proper. If after the parties' good-faith conference no motion is made, the material will retain

its original designation. Any documents or other materials that have been designated as Confidential Information shall be treated as Confidential Information until such time as the Court rules on any objection.

7.   **PRESERVATION OF RIGHTS AND PRIVILEGES**

Nothing contained in this Order shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents, or questions at a deposition. Nor shall this Order be construed as a waiver by any party of any legally cognizable privilege to withhold any Confidential Information other than on the basis that it has been designated Confidential, or of any right which any party may have to assert such privilege at any stage of this litigation.

8.   **RETURN OR DESTRUCTION OF MATERIALS**

Within sixty business days after the final resolution of this litigation, all Confidential Information shall be returned to counsel for the producing party or destroyed, with the exception that State Farm Fire and Casualty Company may retain any such Confidential information it reasonably believes it is required by law to maintain. As to those materials that contain or reflect Confidential Information, but also constitute or reflect counsel's work product, counsel of record for the parties, or non-parties shall be entitled to retain such work product in their files in accordance with the provisions of this Order, so long as it is clearly marked to reflect that it contains information subject to this Order. Such materials may not be used in connection with any proceeding of this action.   Counsel shall be entitled to retain work product, pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits), so long as any such materials containing Confidential Information

are clearly marked to reflect that they contain information subject to this Order and may not be used in connection with any other proceeding or action.

9. **INADVERTENT OR UNINTENTIONAL DISCLOSURE**

In the event a party inadvertently fails to designate or mis-designates material as Confidential Information shall be entitled to correct the designation within a reasonable time of the discovery of the non- or mis-designation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of appropriately designated material. Any individual who received mis-designated materials shall, within five (5) days of receipt of the substitute copies, take reasonable steps to destroy or return all copies of such mis-designated documents to the producing party or its representative. The obligation to treat such material pursuant to the corrected designation shall be prospective only, and those individuals who reviewed the mis-designated discovery material prior to notice of the mis-designation by the producing party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the mis-designated materials.

10. **OTHER PROVISIONS**

   a. The restrictions set forth in this Order shall not apply to documents or information that are publicly available or that are obtained independently and under rightful means by the Receiving Party, unless they became so due to a violation of this Order.

   b. A party's compliance with the terms of this Order shall not operate as an admission that any document is or is not (a) confidential, (b) privileged, (c) relevant or (d) admissible in evidence at trial.

   c. Any party or person in possession of Confidential Information who receives a subpoena (or other process) from any person (including natural persons, corporations,

partnerships, firms, governmental agencies, departments or bodies, boards or associations) who is not a party to this Order, which subpoena seeks production or other disclosure of such Confidential Information shall immediately give written notice by electronic mail to counsel for the producing party. So that the producing party may object to the production or otherwise protect its interests, the party or person receiving the subpoena (or other process) shall not produce the documents sought for a period of at least five (5) days after giving notice to the producing party. The written notice shall identify the materials sought and enclose a copy of the subpoena or other process, unless ordered otherwise by a court of competent jurisdiction. Nothing herein shall be construed to obligate the person subject to service or other process to make a motion or undertake other legal process, or to appear before any court or administrative body in opposition to a motion or other legal process seeking production of any Confidential Information, provided such person invokes, to the extent reasonably possible, the highest level of confidentiality available under applicable law, rule, regulation, court order, or other compulsory process, at the time of disclosure of such Confidential Information.

   d.  Upon the final resolution of this litigation (including conclusion of any appeal), this Order shall remain in effect and continue to be binding, unless expressly modified, superseded, or terminated by consent of all parties or by Order of the Court. This Court expressly retains jurisdiction over this action, for enforcement of the provisions of this Order following the final resolution of this litigation.

   e.  This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Order, subject to the approval of the Court.

   f.  The Court may amend, modify, or dissolve this Protective Order at any time.

IT IS SO ORDERED this 26th day of April, 2023.

                                          JASON A. ROBERTSON
                                        UNITED STATES DISTRICT JUDGE

APPROVED AND SUBMITTED BY:

\s\ J. Andrew Brown
John S. Gladd, OBA #12307
J. Andrew Brown, OBA #22504
ATKINSON, BRITTINGHAM, GLADD,
 FIASCO & EDMONDS
1500 ParkCentre
525 South Main Street
Tulsa, OK 74103-4524
Telephone:  (918) 582-8877
Facsimile:   (918) 585-8096
Email:   jgladd@abg-oklaw.com
Email:   dbrown@abg-oklaw.com
*Attorneys for Defendant SFF&CC*


\s\ Terry M. McKeever
S. Alex Yaffe
Terry M. McKeever
FOSHEE & YAFFE
P.O. Box 890420
Oklahoma City, OK 73170
Email:   say@fylaw.com
Email:   tmm@fylaw.com
*Attorneys for the Plaintiff*

**EXHIBIT A**

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) GEORGE COLLINS and <br> (2) ALRIKA COLLINS, <br><br> Plaintiffs, <br><br> v. <br><br> (1) STATE FARM FIRE AND <br> CASUALTY COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 22-cv-00318-RAW-JAR <br> ) <br> ) <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) |

**CERTIFICATION**

1. My name is _____.

I live at _____.

I am employed as (state position) _____

by (state name and address of employer) _____.

2. I have read the Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of the Order, and I agree to comply with and to be bound by its provisions.

3. I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____ 202___

by_____

(signature)

14

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) GEORGE COLLINS and<br>(2) ALRIKA COLLINS,<br><br>    Plaintiffs,<br><br>v.<br><br>(1) STATE FARM FIRE AND<br>CASUALTY COMPANY,<br><br>    Defendant. | Case No. 22-cv-00318-RAW-JAR<br><br>JURY TRIAL DEMANDED |

**NOTICE TO DEPOSITION WITNESSES**

You are being shown one or more documents which have been designated as "Confidential" pursuant to an Order of this Court. Except for providing testimony at this deposition, you may not disclose these documents or their contents to any person other than the attorney who represents you at this deposition. Further, neither these documents nor their contents may be used by you for any purpose except that you may use them for your testimony in connection with this litigation. In any event, you are prohibited from using them for any business, competitive, personal, private, public, or other non-litigation purpose. The improper disclosure or use of these documents or their contents may result in the imposition of sanctions upon you by the Court. If you wish a complete copy of the Court Order, a copy will be provided to you upon request.

S:\Files\416\416\Protective Order.docx