IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GEORGE COLLINS & ALRIKA COLLINS,<br>　　*Plaintiffs*,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br>　　*Defendant*. | )<br>)<br>)<br>)<br>)　CASE NO. 22-cv-318-JAR<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' AMENDED EXPERT DISCLOSURES

Plaintiffs, George Collins and Alrika Collins, under Rule 26(a)(2) of the Federal Rules of Civil Procedure and this Court's Scheduling Order submit the following disclosures as to the individuals whom Plaintiff intends to call as expert witnesses at the trial of this matter.

**I.**

Plaintiffs hereby designate the following non-retained experts they intend to use at trial to present evidence under the Federal Rules of Evidence 702, 703, or 705:

These witnesses were retained by Plaintiff to help with claim evaluation and their interaction with Defendant related to Plaintiffs' claim. These are percipient fact witnesses who will testify about their observations and evaluations of the matters within their expertise from their inspection of the property after the loss (or the information and materials provided to them) and assisted Plaintiffs during the State Farm claim evaluation. Plaintiffs summarize their testimony through these summaries and attached reports:

　　(1)　　Ian Rupert (public adjuster)
　　　　　 Ian's Enterprise

        9450 SW Gemini Dr. #39525
        Beaverton, Oregon 97008-7105
        Telephone: (405) 622-8721

Mr. Rupert was retained as Plaintiffs' public adjuster. He is expected to testify about his knowledge (based on inspection) of the damage to the Plaintiffs' property (home) and the reasonable and necessary costs of repair. On the Plaintiffs' behalf, he corresponded and communicated with State Farm during the claim evaluation process, prior to litigation, and is expected to testify about these matters. A more comprehensive summary of his damages estimate can be found in his report attached as Attachment 1 (Rupert Estimate).

Mr. Rupert may, in his testimony, explain some of his estimating evaluations based on materials he obtained and submitted with his report to State Farm (like the roof waste report from Restoration AI, the Property Detail report from Core Logic, and the EagleView report for accurate roof measurements, the Derek Vandorn Xactimate estimate, and other materials) attached as Attachment 2 (Rupert Materials). Rupert obtained input and estimates from some of the following witnesses and may testify to how those estimates or reports impacted his estimate.

(2)        Chad T. Williams, P.E.
            Valor Forensic Engineering Services, LLC
            P.O. Box 783
            Jenks, Oklahoma 74037
            Telephone: (855) 918-5111

Mr. Williams, an engineer, was retained to evaluate the fire damage to the property and will testify to his knowledge about his inspection and the report he drafted (the scope and needed repairs), which was submitted to Defendant during the claim evaluation process. A more comprehensive summary of his observations and related opinions can be found in his report, attached as Attachment 3 (Williams Report). Mr. Williams is also offered as a retained expert below.

(3)        Kevin C. Dandridge
            1 Life Safety
            4605 E Chandler Blvd., Suite 110-163
            Phoenix, Arizona 85048
            Telephone: (602) 799-4800

Mr. Dandridge was retained to determine the proper impact and costs to safely return the property back to its pre-loss condition, considering any OSHA or other regulations, and will testify about the same. He reviewed an Xactimate ESX form, photos, the Valor Engineering report, Porter Volunteer fire department report, and State Farm's estimate to make safety recommendations for the work to be performed. He did not inspect the property and his report was drafted from the pictures and materials provided. A more comprehensive summary of his expected testimony can be found in his report, which was

submitted to State Farm during the claim evaluation period, attached as <u>Attachment 4 (Dandridge Report)</u>.

   (4)       Luke Hibbs
              The Mold Consultant
              726 Northwest 69th Street
              Oklahoma City, Oklahoma 73116
              Telephone: (405) 285-9100

Mr. Hibbs was retained to inspect the property for suspect areas and conditions for mold contamination and will testify to his observations and the opinions he formed from his inspection. He determined that some areas directly affected by the fire would need drywall removed and replaced. Same with the attic insulation. A more comprehensive summary can be found in his report, which was submitted to State Farm during the claim evaluation period, attached as <u>Attachment 5 (Hibbs Report)</u>.

These witnesses may use their reports, the attachments thereto, the documents referenced as having been reviewed, or any photographs included within the reports or otherwise taken by them or others, in support of their opinions in their testimony at trial.

## II.

Plaintiffs hereby designate the following retained experts they intend to use at trial to present evidence under the Federal Rules of Evidence 702, 703, or 705:

   (5)       Duane Smith
              Bovini Consultants
              726 Northwest 69th Street
              Oklahoma City, Oklahoma 73116
              Telephone: (405) 285-9100
              P.O. Box 306
              Bullard, Texas 75757
              Telephone:   (903) 216-0089

Mr. Smith is Plaintiffs' damages expert, and his expert report is attached as <u>Attachment 6 (Smith Report)</u>, which includes exhibits and curriculum vitae in accordance with Rule 26(a)(2).

   (6)       Chad T. Williams, P.E.
              Valor Forensic Engineering Services, LLC
              P.O. Box 783

Jenks, Oklahoma 74037
Telephone: (855) 918-5111

Mr. Williams, an engineer, was asked to reinspect the Property and supplement his initial report (as a percipient non-retained witness), and address Defendant's Expert's findings and report (Derek VanDorn). Mr. Williams's Supplemental Report is attached as Attachment 7 (Williams Supplemental Report).

### III.

Plaintiffs reserve the right to amend and/or supplement this designation with additional designations of experts within the time limits imposed by the Court or any modification of same by subsequent Court Order or agreement of the parties, or pursuant to the Federal Rules of Civil Procedure in the event they learn through discovery or otherwise that additional experts and/or witnesses who may potentially provide expert opinions and/or conclusions are necessary and/or available.

### IV.

Plaintiffs reserve the right to elicit, by way of cross-examination, opinion testimony from experts designated and called by other parties to this suit. Plaintiffs express their intention to possibly call, as witnesses associated with adverse parties, any of the other party's designated expert witnesses as adverse expert witnesses.

### V.

With respect to persons identified during the course of discovery as "persons with knowledge of relevant facts," the current list of which was produced in Plaintiffs' Initial Disclosures previously served on Defendant, Plaintiffs specifically reserve the right to elicit such "expert" or "lay opinion" testimony as may fall within these witnesses' education, training and/or experience, regardless of the fact that such witnesses are presently expected to testify regarding merely factual matters related to the incident in question and have not been formally retained by Plaintiffs as witnesses to testify as an

expert, provided such testimony would benefit the jury to determine material issues of fact and be consistent with any applicable Court Order and the Federal Rules of Civil Procedure and Federal Rules of Evidence.

Respectfully submitted,

*/s/Terry M. McKeever*
Terry M. McKeever
OBA No. 21751
tmm@fylaw.com
S. Alex Yaffe
OBA No. 21063
ay@fylaw.com

**FOSHEE & YAFFE LAW FIRM**
P.O. Box 890420
Oklahoma City, OK 73189
Telephone:  (405) 632-6668
Facsimile:   (405) 632-3036

*ATTORNEYS FOR PLAINTIFFS*