IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) GEGE COLLINS and <br> (2) ALRIKA COLLINS, <br><br> Plaintiffs, <br><br> v. <br><br> (1) STATE FARM FIRE AND <br> CASUALTY COMPANY, <br><br> Defendant. | Case No. 6:22-cv-00318-RAW-JAR |

**PLAINTIFFS' BRIEF AND RESPONSE IN
OPPOSITION TO DEFENDANT'S MOTION TO STRIKE THE EXPERT
REPORT OF DUANE SMITH AND SUPPLEMENTAL REPORT OF CHAD WILLIAMS**

Plaintiffs George Collins and Alrika Collins ("Plaintiffs") respond in opposition to Defendant, State Farm Fire and Casualty Company's ("Defendant") Motion to Exclude the Expert Report of Duane Smith and Supplemental Report of Chad Williams and files their brief in opposition. Plaintiffs respectfully request that the motion be denied and would show the Court as follows:

**PRELIMINARY STATEMENT**

Counsel for Defendant has failed to consult the governing rules not once but twice in filing this frivolous motion to strike. First, Defendant ignores Federal Rule of Civil Procedure 26(a)(1)(C) that explicitly states where a deadline falls on a legal holiday then the deadline falls on the next day that is not Saturday, Sunday, or legal holiday. Here that was November 13, 2023, the next business day after Veterans Day on Friday, November 10, 2023. Further, had Defendant complied with local rule 7.1(f) and conferred prior to filing this entire exercise could have been

avoided because Federal Rule of Procedure 26 allowed for filing Plaintiffs' Expert Disclosures on November 13, 2023. Plaintiffs would respectfully request the Court deny Defendant's Motion.

## I.

## BACKGROUND

The Court originally issued a scheduling order in this case on February 17, 2023. Dkt. No. 21. During a status conference on May 22, 2023 the Parties requested the Court issue an Amended Scheduling Order to allow additional time to conduct discovery. *See* Dkt. No. 33. The Court issued an Amended Scheduling Order on May 26, 2023 setting June 14, 2023 as the deadline to file and serve Plaintiffs' expert reports. Dkt. No. 34 at 1. Plaintiffs complied with the Court's Order and filed and served Plaintiffs' Expert Disclosures on June 14, 2023. *See generally* Dkt. No. 38. The Parties then entered into settlement negotiations that ultimately did not resolve the case. Dkt. No. 40.

As a result, both Parties believed additional time and discovery was necessary for this case and submitted a Joint Motion to Extend Deadlines on October 6, 2023. Dkt. No. 48. On October 10, 2023, this honorable Court issued the Second Amended Scheduling Order for this case resetting the Parties' deadlines. Dkt. No. 50. Both Plaintiffs and Defendant's deadline to file and serve expert reports were set for Friday, November 10, 2023. Dkt. No. 50 at 1.

In consulting the Federal Rules of Civil Procedure, Plaintiff noted that November 10, 2023, was set aside as the day for observing Veterans' Day for the state of Oklahoma and this Court. *See Court Holidays*, E. DIST. OF OKLA. https://www.oked.uscourts.gov/court-info/court-holidays (visited Dec. 4, 2023); *see also 2023 State Holidays*, OKLA. OFFICE OF MGMT. & ENTER. SERV., https://oklahoma.gov/omes/divisions/human-capital-management/employee-benefits/leave-holidays/holidays.html (visited Dec. 4, 2023). As a result Plaintiff calendared the deadline to file and

serve their expert reports to the next day that is not a Saturday, Sunday, or legal holiday, which was Monday, November 13, 2023.

Plaintiffs filed and served Plaintiffs' First Amended Expert Disclosures Monday, November 13, 2023, adding one new expert, Duane Smith, and supplementing Chad Williams' opinions. *See* Dkt. No. 51 (Plaintiffs' First Amended Expert Disclosures); Dkt. No. 38 (Plaintiffs' Expert Disclosures).

On November 22, 2023, Defendant filed its Motion to Strike the Expert Report of Duane Smith and Supplemental Report of Chad Williams solely on the basis that these disclosures were untimely. Dkt. No. 55. Defendant failed to confer with Plaintiffs prior to filing its Motion to Strike. Plaintiffs now respond in opposition to Defendant's Motion and would respectfully show Plaintiffs complied with filing deadlines pursuant to the Federal Rules and request Defendant's Motion be denied.

## II.

## ARGUMENTS AND AUTHORITY

A.  **Federal Rule of Civil Procedure 26(a)(1)(C) moves filing deadlines falling on a legal holiday, Saturday, or Sunday to the next business day which Plaintiffs followed.**

Plaintiffs timely filed their Amended Expert Designations on Monday, November 13, 2023, which was the first day that was not a Saturday, Sunday, or legal holiday after Veterans Day which occurred on Friday, November 10, 2023.

Federal Rule of Civil Procedure 26(a) clearly establishes additional time for a party to comply with any deadline that falls on a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 26(a)(1)(C). In this case, the Court's Second Amended Scheduling Order specifically cites Rule 26 of the Federal Rules of Civil Procedure for complying with expert deadlines. Dkt. No. 50 at 1.

For computing a deadline, Rule 26(a)(1)(C) states "if the period would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 26(a)(1)(C). Rule 26(a)(6) defines a "Legal Holiday" as "the day set aside by statute for observing . . . Veterans' Day," among several other holidays. Fed. R. Civ. P. 26(a)(6)(A).

Courts in similar situations have held that so long as a party has filed within the time permitted under the federal rules the party is deemed to have timely complied with the scheduling order. *See JDT Capital, LLC v. Fowler*, No. CIV-20-781-SLP, 2021 WL 5997267, at *1–2 (W.D. Okla. Feb. 11, 2021) (deciding under the nearly identical Rule 6(a) that because "November 27, 2020 was a holiday in the state of Oklahoma, Defendants' deadline to file the Motion rolled over to November 30, 2020."); *see also Salazar v. Bloomin' Brands, Inc.*, No. 2:15-CV-105, 2016 WL 1028371, at *1 n. 1 (S.D. Tex. Mar. 15, 2016).

Here the Second Amended Scheduling Order set the deadline for Plaintiffs and Defendant's Expert Disclosures for Friday, November 10, 2023. Dkt. No. 50 at 1. Both the State of Oklahoma and the United States Eastern District of Oklahoma recognized Friday, November 10, 2023 as "the day set aside by statute for observing . . . Veterans' Day," a legal holiday. *See* Okla. Stat. tit. 25, § 82.1(A) ("The designation and dates of holidays in Oklahoma shall be as follows . . . Veterans' Day on the 11th day of November . . . and if any of such holidays other than Christmas fall on Saturday, the preceding Friday shall be a holiday in that year . . . ."); Title 5 U.S. Code § 6103 (setting Veterans' Day on November 11, but observing "the Friday immediately before [as] a legal public holiday," if it were to fall on a Saturday).

Because November 11, 2023, fell on a Saturday, the day of observance for Veterans' Day was Friday, November 10, 2023. *See Today at the Court,* U.S., https://www.supremecourt.gov/

(visited Dec. 4, 2023) (clicking back to the month of November on the Supreme Court's calendar, November 11, 2023, is clearly marked as falling on a Saturday and November 10, 2023, is marked as "D" for Holiday). As a result, the "the period [for serving and filing expert material] continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday," which was Monday, November 13, 2023. *See* Fed. R. Civ. P. 26(a)(1)(C); Dkt. No. 50 at 1; *Today at the Court,* U.S., https://www.supremecourt.gov/ (visited Dec. 4, 2023) (viewing the Supreme Court's calendar November 11th and 12th are a Saturday and Sunday).

Had Defendant's counsel sought to confer with Plaintiffs prior to filing its Motion to Strike then this unnecessary motion could have been avoided. *See* LCvR 7.1(f) (Informal Conference Before Filing All Non-Dispositive Motions). The Court should refuse to consider Defendant's Motion to Strike without Defendant first filing a supplemental notice stating it has complied with local rule 7.1(f) but was unable to resolve the dispute. *See* Okla. E. Dist. LCvR 7.1(f) ("[T]he Court shall refuse to hear any such motion or objection unless counsel for movant first advises the Court in writing that counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord.").

Regardless of Defendant's failure to comply with the local rules, Defendant's Motion to Strike still fails on the merits because Plaintiffs timely filed and served their Amended Expert Disclosures on November 13, 2023, pursuant to the Federal Rules of Civil Procedure. Therefore, Plaintiffs respectfully request the Court deny Defendant's Motion to Dismiss on the merits.

B.  **Harmless standard favors granting a small extension of the discovery period rather than wholly excluding vital expert testimony.**

Alternatively, if Rule 26(a)(1)(C) did not move the deadline the *woodworker's* factors clearly favor a harmless finding for any slight prejudice to Defendant from filing one-business-day later than expected and does not support the draconian sanction of excluding Plaintiffs'

experts' opinions. *See Lockard Aircraft Sales Co., Inc. v. Dumont Aircraft Sales, LLC*, No. 16-CV-469-JED-FHM, 2019 WL 11273202, at *2–3 (N.D. Okla. Sept. 3, 2019) (finding a plaintiff's four-day delay in producing expert disclosures lacked prejudice to defendant and did not justify exclusion).

If a Rule 26(a) violation occurs a court should examine the violation under the "substantial justification" or "harmless" standard. *See* Fed. R. Civ. P. 37(c)(1). Courts have discretion to impose appropriate sanctions based on the violation and analyzing the violation under the harmless standard. *See id.*; *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

To determine whether such a violation is "harmless," courts in the 10th Circuit generally weigh the four *Woodworker's* factors which are: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc.*, 170 F.3d at 993.

After weighing the factors, courts in the 10th Circuit then determine whether sanctions are necessary, and if so, what sanction is appropriate. *See Nicastle v. Adams Cnty. Sheriff's Office*, 10-CV-00816, 2011 WL 1674954, at *2 (D. Colo. May 3, 2011) (requiring supplemental disclosures from violating party at trial if violating party sought to present non-retained expert testimony under FRE 702).

When reviewing any Rule 26(a) violations courts should keep in mind that exclusion is the exception to the rule and not the default. *See Deer Creek Water Corp. v. City of Oklahoma City*, No. CIV-19-1116-SLP, 2021 WL 4029136, at *7 (W.D. Okla. July 1, 2021) ("[T]he harsh sanction of excluding [defendant's expert] from testifying is not warranted."); *see also Summers v. Missouri*

*Pacific Railroad System*, 132 F.3d 599, 604 (10th Cir. 1997)). Further, the Tenth Circuit has stated "[w]here a party seeks to have evidence excluded on the basis of alleged discovery misconduct, 'the challenged behavior must **substantially** have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial.'" *Ellsworth v. Tuttle*, 148 F. App'x 653, 663 (10th Cir. 2005) (unpublished) (quoting *Woodworker's Supply*, 170 F.3d at 993) (emphasis in original).

The first factor—prejudice or surprise—weighs completely in Plaintiffs favor because Plaintiffs previously the bulk of their experts' information on June 14, 2023, and the new discovery and dispositive motions deadlines provide Defendant with plenty of time for "taking [the experts] deposition[s], filing dispositive motions, or preparing for trial." *See Deer Creek Water Corp.*, 2021 WL 4029136, at *7; Dkt. No. 50 (Second Amended Scheduling Order resetting discovery and dispositive motions deadline, and trial date); *see generally* Dkt. No. 38-1, 38-2, 38-3, 38-4, 38-5 (Plaintiffs' original expert filings).

Additionally, Chad Williams' supplemental report simply reaffirms his opinions from his first report that was produced on June 14, 2023. *See* Dkt. No. 51-7 at 13 ("[N]o information was provided to change or alter the conclusions indicated in the original Valor Forensic Engineering Services, LLC Report of Findings dated May 11, 2021."); Dkt. No. 38-3 (Williams' First Report dated May 11, 2021). Further, the majority of Duane Smith's opinions are based on documents that were already produced to Defendant. *See* Dkt. No. 51-6 at 2 (listing materials reviewed by Duane Smith in reaching his opinion which were all previously produced to Defendant). Therefore, Defendant cannot claim it was blindsided by the opinions of Duane Smith's report and Chad Williams' supplemental report.

Further, Plaintiffs Amended Expert Disclosures are still being produced over seven months before trial and before Defendant has deposed either Chad Williams or Duane Smith. *See* Dkt. No.

50 at 2 (marking July 29, 2024 as the trial date and the Discovery Completed date as February 2, 2024). Defendant therefore has time to review the two new pieces of material, conduct the depositions of both Chad Williams and Duane Smith, and properly prepare for cross-examination at trial which is the primary purpose of this disclosure. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) ("The reports are intended not only to identify the expert witness, but also to set forth the substance of the direct examination.") (inner quotation omitted) (citing Fed. R. Civ. P. 26(a)(2) advisory committee note (1993)).

Defendant does not complain that Duane Smith or Chad Williams has failed to disclose other material required under Rule 26(a) such as (1) compensation, (2) the basis for their opinions, (3) the underlying facts and data in forming such opinions, or (4) the application of methodology. *See* Dkt. No. 55 at 1–2 (complaining of only the fact that Plaintiffs disclosures were served and filed on November 13, 2023 and not November 10, 2023). As such, Defendant admits it has all of the necessary material to properly prepare for trial against Plaintiffs' experts at the latest as of November 13, 2023. Because this is only one-business-day after the November 10, 2023 date, any prejudice Defendant might be said to suffer is at most *de minimus* and the first factor weighs in favor of a harmless finding. *See Lockard Aircraft Sales Co., Inc.*, 2019 WL 11273202, at *2–3 (finding a plaintiff's four-day delay (including an intervening weekend) in producing expert disclosures lacked prejudice to defendant and did not justify exclusion).

The second factor—ability to cure the prejudice—also weighs heavily in favor of a harmless finding and against exclusion. Defendant has not yet taken the depositions of Duane Smith or Chad Williams and therefore cannot claim it does not have an opportunity to depose either of Plaintiffs' experts over the material produced on November 13, 2023.

Further, Plaintiffs have already offered to work with Defendant to schedule the deposition of both Chad Williams and now Duane Smith and would further agree, if necessary, to extend the time to depose Chad Williams or Duane Smith by one-business-day past the current February 2, 2024 discovery deadline as a cure. *See* Dkt. No. 50 at 1. By doing so, Defendant will be in the same position it would have been in had the list been produced on November 10, 2023 and will be able to properly prepare against Plaintiffs' experts for trial. *See Deer Creek Water Corp.*, 2021 WL 4029136, at *7 ("Even if Plaintiff established prejudice via the nondisclosure, Plaintiff had the opportunity to probe [defendant's expert's] opinions in his September 23, 2020 deposition.") (citing *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1177 (10th Cir. 2011)).

The third factor—disruption at trial—supports allowing the testimony of Chad Williams and Duane Smith. Allowing Chad Williams and Duane Smith to testify at trial will cause no disruption at trial. Even if Plaintiffs misapplied the effect the legal holiday of Veterans' Day has on their expert disclosure deadline, Defendant has still been served with Plaintiffs' Amended Expert Disclosures over seven months before trial. *See Lockard Aircraft Sales Co., Inc. v. Dumont Aircraft Sales, LLC*, No. 16-CV-469-JED-FHM, 2019 WL 11273202, at *3 (N.D. Okla. Sept. 3, 2019) (finding no evidence to support disruption at trial where "expert's report was produced eight (8) months prior to trial"); Dkt. No. 51 (serving Plaintiffs' Amended Rule 26(a) Expert Disclosures on November 13, 2023); Dkt. No. 50 at 2 (setting the trial date for July 29, 2024). Moreover, Defendant had over 30 days from the day Defendant was served Plaintiffs' Amended Expert Disclosures to review the material and "arrange for expert testimony from other witnesses" if it sought to designate a rebuttal expert. *See Jacobsen*, 287 F.3d at 953; Dkt. No. 50 at 1 (setting December 15, 2023, as the deadline for any rebuttal expert reports).

Therefore, Defendant knows exactly what Chad Williams and Duane Smith will testify on at trial and the facts relied upon, has had sufficient time to review and designate a rebuttal expert, and will be able to properly prepare for cross-examination which is the purpose of Rule 26(a) disclosures. *See Jacobsen*, 287 F.3d at 953 ("[D]isclosure is necessary to allow the opposing party "a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.") (quoting Fed. R. Civ. P. 26(a)(2) advisory committee note (1993)). Therefore, this factor favors a harmless finding.

The fourth factor—bad faith or willfulness—also weighs in favor of a harmless finding. Plaintiffs did not act in a dilatory manner but simply were under a good faith belief that Veterans' Day, which was being observed by the State of Oklahoma and this Court, moved Plaintiffs' deadline from November 10, 2023, to November 13, 2023. *See Court Holidays*, E. DIST. OF OKLA. https://www.oked.uscourts.gov/court-info/court-holidays (visited Dec. 4, 2023) (listing November 10, 2023 as the observance date for Veterans' Day); *see also 2023 State Holidays*, OKLA. OFFICE OF MGMT. & ENTER. SERV., https://oklahoma.gov/omes/divisions/human-capital-management/employee-benefits/leave-holidays/holidays.html (visited Dec. 4, 2023) (same). Moreover, Defendant presents no evidence that Plaintiffs willfully failed to disclose their Amended Rule 26(a) disclosures. *See Lockard Aircraft Sales Co., Inc.*, 2019 WL 11273202, at *3 ("[E]vidence does not indicate bad faith or willfulness on the part of the plaintiff in connection with the four-day delay in producing the expert report."). Therefore, this factor also weighs in favor of a harmless finding.

All *Woodworker's* factors weigh in favor of a harmless finding instead of exclusion of expert testimony on a hyper technical challenge. Moreover, any prejudice has been cured through Plaintiffs' willingness to extend the discovery period by one business day if necessary for Defendant to complete its expert discovery. Any small delay cannot be said to have substantially

interfered with Defendant's ability to prepare for trial and for this reason exclusion should be denied in favor of a small extension of the discovery deadline. *See Nicastle*, 10-CV-00816, 2011 WL 1674954, at *2 (requiring supplemental disclosures from violating party at trial as a sanction); *Ellsworth*, 148 F. App'x at 663.

## III.

## CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, George Collins and Alrika Collins request Defendant's Motion to Strike the Expert Report of Duane Smith and Supplemental Report of Chad Williams be denied in its entirety and for such further relief to which they may be justly entitled.

Respectfully submitted,

*/s/Preston J. Dugas III*
Preston J. Dugas III
*Admitted Pro Hac Vice*
pdugas@dcclawfirm.com
**DUGAS & CIRCELLI, PLLC**
1701 River Run, Suite 703
Fort Worth, Texas 76107
Telephone:     (817) 945-3061
Facsimile:     (682) 219-0761

Terry M. McKeever
OBA#21751
tmm@fylaw.com
**FOSHEE & YAFFE LAW FIRM**
P.O. Box 890420
Oklahoma City, Oklahoma 73189
Telephone:     (405) 378-3033
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2023 a true and correct copy of the foregoing was served on all counsel of record pursuant to Federal Rule of Civil Procedure 5(b), as follows:

*via email*
J. Andrew Brown, OBA #22504
dbrown@abg-oklaw.com

**ATKINSON, BRITTINGHAM,
GLADD, FIASCO & EDMONDS**
1500 ParkCentre
525 South Main Street
Tulsa, OK 74103-4524
Telephone: (918) 582-8877
Facsimile: (918) 585-8096

**ATTORNEY FOR DEFENDANT SFF&CC**

                                                        */s/Preston J. Dugas III*
                                                        Preston J. Dugas III