IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) GEORGE COLLINS and <br> (2) ALRIKA COLLINS, <br><br> Plaintiffs, <br><br> v. <br><br> (1) STATE FARM FIRE AND <br> CASUALTY COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 22-cv-00318-RAW-JAR <br> ) <br> ) <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) |

**DEFENDANT'S SUPPLEMENTAL AND REBUTTAL EXPERT REPORT**

Respectfully submitted,

**ATKINSON, BRITTINGHAM, GLADD,
FIASCO & EDMONDS**
A PROFESSIONAL CORPORATION

/s/ J. Andrew Brown
J. Andrew Brown, OBA #22504
1500 ParkCentre
525 South Main Street
Tulsa, OK 74103-4524
Telephone: (918) 582-8877
Facsimile: (918) 585-8096
Email: dbrown@abg-oklaw.com
*Attorney for Defendant SFF&CC*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 15th day of December, 2023, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

S. Alex Yaffe
Terry M. McKeever
FOSHEE & YAFFE
P.O. Box 890420
Oklahoma City, OK 73170
Email:  say@fylaw.com
Email:  tmm@fylaw.com
*Attorneys for the Plaintiffs*

                                        / s/ J. Andrew Brown

R:\416\416\Supp & Rebuttal Expert Report-cah.docx



**Berryman**
426 N.W. 5TH
Oklahoma City, OK 73102
Off: (405) 235-4646
Fax: (405) 235-3311

December 15, 2023

Drew Brown
Atkinson, Brittingham, Gladd, Fiasco, & Edmonds, P.C.
1500 ParkCentre
525 South Main Street
Tulsa, Oklahoma 74103

<u>Supplemental and Rebuttal Report</u>

Re:  **George Collins and
Alrika Collins,
Plaintiffs,**

      v.

      **State Farm Fire and
Casualty Company,
Defendant.**

      **United States District Court for
the Eastern District of Oklahoma
Case #: 22-CV-00318-RAW-JAR**

Dear Mr. Brown:

    The following is a supplemental and rebuttal report to my June 23, 2023 report previously issued in this matter. I incorporate by reference the content of my initial report which provides pertinent background and observations. It also states my previous opinions with the basis for those opinions. Those opinions are unchanged. This supplemental report further outlines my pertinent observations, opinions, and conclusions and can be changed only in writing by myself. The opinions are based upon my review of the documentation provided to me as well as the observations made during my inspection of the subject property conducted on September 8, 2021 and May 19, 2023. In forming my opinions, I utilized my twenty-five (25) years of experience as an evaluator and estimator of property

| | | |
|---|---|---|
| 1312 West 60th Street North<br>Muskogee, Oklahoma | COLLINS v. STATE FARM | December 15, 2023<br>Page 2 |

damage as well as my formal education, training, and knowledge previously acquired including but not limited to: building codes, governmental regulations, and construction standards. I reserve the right to supplement this report to address additional information made available to me.

## ADDITIONAL DOCUMENTS REVIEWED

- Chad Williams Report dated November 13, 2023
- Duane Smith Report dated November 6, 2023
- Bovini Consultants, LLC Estimate dated November 8, 2023
- Deposition of Ian Rupert taken on October 12, 2023
- Deposition of Luke Hibbs taken on October 11, 2023
- Deposition of Kevin Dandridge taken on October 30, 2023

***************************************************************************

**Supplemental Opinion #1:** *The Plaintiffs' retained expert, Chad T. Williams (Williams) of Valor Forensic Engineering, submitted a second report dated November 13, 2023. The Williams report appears to largely serve as a rebuttal report to the Berryman Enterprises report previously submitted. Many of the conclusions William offers in this supplemental report are contrary to my experiences as a restoration contactor and to fire restoration industry standards.*

1. Williams provides additional details and commentary regarding the radiant barrier roof decking of Attic 2. Two photographs are offered as evidence that roof decking was damaged by the fire. The photos appear to have been taken from the bedroom closet in the room below and looking up through the attic access opening. In photo 4.1 of the report, Williams alleges the foil backing of the decking was deformed by the heat of the fire at the lower portions of the wall below. Williams's photo seems to show portions of the first two sheets (32 square feet (SF) each) from the ridge of radiant barrier decking. These sheets are at the south facing slope of the two-story roof. Williams offers no evidence that the alleged deformations in the foil reduce the reflective benefits of the radiant barrier decking. Even if one were to accept William's position that the decking is damaged, the repair area would be limited to one sheet of decking on either side of the ridge board, or the decking directly above the fire damaged framing around the window opening. Below is a closer perspective photo of the second, or lower, sheet of decking presented by Williams. This photo was taken while standing within the attic. No foil deformations are present in this sheet of decking.

1312 West 60th Street North
Muskogee, Oklahoma

COLLINS v. STATE FARM

December 15, 2023
Page 3



2. Williams also suggests that consideration should be given to the consequences of the radiant barrier decking being impacted by the nailing process of re-shingling the roof. Buildings are regularly re-roofed without the need to re-deck the entire roof because of new nails penetrating the decking. This includes roofs with radiant barrier decking. Re-roofing over existing sheet decking is a common practice. This suggestion is unreasonable.

3. Clarification is offered by Williams as to the reframing of a "second-floor gable along the west side of the dwelling". In the supplemental report, Williams now clarifies that this repair recommendation is for the south facing gable above the two-car garage. I agree with this recommendation. The necessary repairs were included in the initial Berryman Enterprises estimate which was mostly adopted by State Farm.

4. Additional discussion is offered as to the repairability of the refrigerator bulkhead. Repair of cabinetry due to fire or water damage is task that my firms have repaired on dozens of occasions without the need to replace all the cabinets. In terms of cabinet repair, the replacement of the fire damaged bulkhead is a relatively simple task. Williams provides several photographs of the side of the bulkhead taken during his final inspection. This inspection appears to have occurred after some repairs had been made around the subject residence. I also had the opportunity to inspect this repair. It was evident that the fire damaged bulkhead had not been

1312 West 60th Street North  
Muskogee, Oklahoma

COLLINS v. STATE FARM

December 15, 2023  
Page 4

replaced. It appeared the existing fire damage has been painted over. It is likely some attempts to sand and/or putty the fire damaged bulkhead were undertaken prior to the painting. However, this repair is not what is included in the prior Berryman estimate where the bulkhead was estimated to be replaced.

5. Williams devotes several paragraphs discussing criticisms I offered regarding repair recommendations for framing above the west end of the house. It was necessary to include these discussions in my report because Williams failed to provide necessary specificity as to exactly what framing required replacement or repair. My report attempts to add the missing specificity as to where repairs are needed and where they are not needed. I met with Williams at my first inspection, and we seemed to agree as to the necessary framing repairs. Those repairs were included in the Berryman estimate. Williams offers no criticisms of the estimated repairs to framing found within the Berryman nor State Farm estimates.

6. Finally, Williams reaffirms his opinion that the second-story, south-facing bedroom window was damaged by the fire event. Based on my extensive experience in restoring fire damaged homes, it is unlikely the seals of the windows were damaged by this event. Minimal soot can be found around most every window within the subject residence. Soot at the base of the adjacent wall or fire damage on the opposite side of the wall which did not breach the bedroom fails to reliably support the assertion. Further, there are two windows in the south wall of the bedroom. Williams does not openly discuss that the west window, closer to the fire and the soot at the base of the wall, was undamaged, but believes the east window, farther from the fire and soot, was damaged. This is unreasonable.

1312 West 60th Street North
Muskogee, Oklahoma

COLLINS v. STATE FARM

December 15, 2023
Page 5



The fire was almost entirely contained to the finished (Bonus Rooms 1 and 2 and Bathroom) while breaching some of the unfinished areas of Attic 1 (black arrow). The two windows designated in the photo are the windows of the southwest bedroom and below the separate Attic 2. Williams has concluded that the east window (yellow arrow) was damaged by the fire, yet there is not damage to the west window (red arrow).



The fire was almost entirely contained to the finished (Bonus Rooms 1 and 2 and Bathroom) while breaching some of the unfinished areas of Attic 1 (black arrows). The two windows in the foreground of the photo are the windows of the southwest bedroom and below the separate Attic 2. Williams has concluded that the east window (yellow arrow) was damaged by the fire, yet there is not damage to the west window (red arrow).

7. After reviewing and considering the Williams supplemental report, the opinions and conclusions of my initial report are unchanged.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

***Supplemental Opinion #2:*** *Duane Smith (Smith) of Bovini Consultants LLC provided a brief report for the stated purpose to ascertain the reasonable and necessary cost to repair the damage at the subject property. Attached to the report is an estimate dated November 8, 2023 in the amount of $515,249.55. The estimate is close to the Berryman and State Farm estimates in scope of work and price except for a few overstatements.*

1. The estimate states it adopts the 1 Life Safety (1 Life ) estimate. As discussed in the Berryman report dated June 23, 2023, the provided 1 Life estimate is not reliable. The 1 Life estimate is greatly overstated and includes costs that are not necessary nor charged by restoration contractors.

2. The 1 Life estimate includes many items which Smith goes on to redundantly include in his estimate. For example, 1 Life includes charges, albeit excessive charges, to account for the steepness of the roof. Yet, Smith includes additional steep charges for roofing and decking repairs/replacement.

3. Smith's report and estimate were written after Kevin Dandridge (Dandridge) of 1 Life provided a deposition in this matter. Dandridge provided testimony stating that some items in his estimate were not necessary or should be evaluated further. Despite Dandridge's testimony, Smith included the entire excessive amount of $166,236.00 in his estimate.

4. Smith adopted the greatly exaggerated cost of repairing the electrical system offered by Dandridge. Still, Smith included his own repair of the electrical system. It should be noted that Smith's electrical estimation to repair the electrical system of about $4,000 is much closer to the true cost of repairs than the $60,000 offered by Dandridge.

5. The Smith estimate also includes the full scope of work proposed by Williams. Although much of Williams conceptual repairs were agreed upon and included in the State Farm estimate, others were not. Those items have been discussed in detail in the initial Berryman report and to some extent earlier in this report. The items which Smith unnecessarily included in the report can briefly be listed as:

1312 West 60th Street North  
Muskogee, Oklahoma

COLLINS v. STATE FARM

December 15, 2023  
Page 7

- The replacement of all roof decking when it is not necessary to replace undamaged decking above Attic 2.
- Smith includes to replace ten (10) windows. This even exceeds Williams's recommendation as to the number of damaged windows. Smith offers no real explanation as to which windows are being replaced and why it is necessary to replace more windows than have been documented by others.
- The estimate includes to replace all the cabinets within the kitchen and the undamaged granite countertops. Even if it were not possible to limit the repair to the damaged refrigerator bulkhead, which it is possible, there is not a justifiable reason to replace the island or the cabinets on the opposite side of the room.



The red arrow shows the location of the fire-damaged refrigerator bulkhead. The remainder of the cabinets are undamaged. Even if the repairability of the bulkhead were an issue, which it is not, the only cabinets impacted would be those in that corner of the room. Matching would not be an issue meaning there is not a necessary reason to replace the cabinets identified by the yellow arrows.

- The framing portions of the Smith estimate appear to largely match that of Berryman and State Farm.

6. Smith included to replace the tile of the guest bathroom. This tile was test cleaned which demonstrated it was cleanable. It did not match the tile of the adjacent rooms and would not be considered continuous. The tile of this room and most of the rest of the house had been cleaned and appeared to be in an undamaged condition during my second inspection.

7. The estimate includes to replace the fascia and soffit of the entire residence, even in the areas which do not require reframing. This exceeds

1312 West 60th Street North　　　　　　　　　　　　　　　　　　December 15, 2023
Muskogee, Oklahoma　　　　　COLLINS v. STATE FARM　　　　　Page 8

the damages I observed and the scope of repairs recommended by Williams.

8. Smith utilized the pricing database from November of 2023, OKMU8X_NOV23, or the month the estimate was prepared. Similarly, the Berryman estimate, which State Farm largely adopted, used the September of 2021 price list matching the month and year the estimate was repaired. As would be expected, prices of increased during the span of time. If the Berryman estimate were repriced with the November 2023 price list and the overstated Life 1 charges were removed from the Smith estimate, the Berryman estimate would be slightly greater than the Smith estimate. This demonstrates the Berryman estimate, and therefore the State Farm estimate, reasonably and accurately addressed the necessary fire-damage repairs.

9. Smith states he inspected the subject property. He fails to provide the date of the inspection and to provide any photos he took to document the estimated damages.

I understand that discovery is in progress and I reserve the right to supplement this report to address additional information made available to me. Any document contained or referred to in this report may be used as an exhibit to illustrate my testimony. Please find attached as a part of this report my current Curriculum Vitae which list all cases in which I have given testimony, both at deposition and trial over the last four (4) years. It establishes my qualifications and my compensation.

Sincerely,

Derek VanDorn
BERRYMAN ENTERPRISES, INC.

# CURRICULUM VITAE

**Name:** Derek VanDorn
**Born:** April 15, 1974
Shattuck, Oklahoma

**Occupation:** Construction Consultant
Berryman Enterprises, Inc.
General Contractor / Consultant
426 N.W. 5th Street
Oklahoma City, Oklahoma 73102

**Education:** M.B.A., Cameron University, 2004
Business Administration

B.S., Oklahoma State University, 1998
Finance

**Experience:** General Contractor/Consultant, Berryman Enterprises 2017-Present

General Contractor, Phoenix Construction, 2015-2017

General Manager, Steve Breed Construction, 2007-2015

Claim Specialist, State Farm Insurance, 1998-2007

**Certifications:** Oklahoma Commercial Roofing Endorsement

**Compensation Structure:**

Expert services and review, study, estimation, and written opinions shall be billed at a rate of $345/hour.

Expert services at deposition and trial shall be billed at $525.00/hour.

**Previous Depositions and Court Appearances (Four Years):**

1) Lisa West and Stormy Hopson, individually
   and as class representatives, v.
   ABC Oil Company, Inc., et. al.
   In the United States District Court
   For the Western District of Oklahoma
   Case # CIV-16-264-F
   Deposition Date: June 5, 2020

2) William and Rachel Marchant,
   v. Magnum Contemporary Housing,
   Inc., and Palm Harbor Homes, Inc.
   And Palm Harbor Village, Inc.
   In Private Arbitration
   Arbitration Date: July 28, 2020

3) Jody and Jerry Bryant,
   v. North Star Mutual Insurance
   Company and Dome Insurance
   Agency, LLC,
   District Court of Oklahoma County, Oklahoma
   Case # CJ-2020-70
   Deposition Date: October 28, 2021

4) L. Duane Wilson and Helen L. Wilson
   v. State Farm Fire & Casualty Company
   For the Northern District
   Of Oklahoma
   Case #: 21-CV-00062
   Deposition Date: December 15, 2021

5) Eric and Micah Proe,
   v. Glenn Dennis Emery, Mike
   Emery, dba Diamond Homes
   District Court of Hughes County, Oklahoma
   Case # CJ-2019-63
   Deposition Date: May 31, 2022

6) Johnnie L. Greer
   v. State Farm Fire and Casualty
   Company, and Robert W. Kawero
   District Court of Canadian County, Oklahoma
   Case # CJ-2019-151
   Deposition Date: June 7, 2022

7) Thomas H. Bates
   v. State Farm Fire and Casualty
   Company
   For the Western District
   Of Oklahoma
   Case # CIV-21-705-JD
   Deposition Date: June 28, 2022

8) First Presbyterian Church of
   Arkansas City
   v. Brotherhood Mutual Insurance
   For the District of Kansas
   Case # 21-CV-01201-KHV-JPO
   Deposition Date: August 31, 2022

9) Kevin W. and Rebecca Hoog
   v. Dometic Corporation
   For the Western District
   Of Oklahoma
   Case # CIV-20-00272-JD
   Deposition Date: September 30, 2022

10) Eric and Micah Proe,
    v. Glenn Dennis Emery, Mike
    Emery, dba Diamond Homes
    District Court of Hughes County, Oklahoma
    Case # CJ-2019-63
    Trial Testimony: October 28, 2022

11) Thomas H. Bates
    v. State Farm Fire and Casualty
    Company
    For the Western District
    Of Oklahoma
    Case # CIV-21-705-JD
    Trial Testimony: November 7, 2022

12) Garrett and Ashley Foster
    v. United Built Homes
    In Private Arbitration
    Deposition Date: November 16, 2022

13) AC Owen Construction, LLC,
v. Jeremy W. Cramer, D.V.M.,
P.L.L.C. d/b/a Lakeview
Pet Hospital,
In Private Arbitration
Deposition Date: January 11, 2023

14) Jonathan and Jessica Plasencia
v. Asher Homes, LLC
In Private Arbitration
Case # 01-22-0003-2957
Hearing Date: January 23, 2023

15) AC Owen Construction, LLC,
v. Jeremy W. Cramer, D.V.M.,
P.L.L.C. d/b/a Lakeview
Pet Hospital,
In Private Arbitration
Hearing Date: February 3, 2023

16) Mike Hazlip, et al., v White Star
Petroleum, LLC. et al.,
District Court of Payne County,
Oklahoma
Case # CJ-2018-87
Deposition Date: February 16, 2023

17) Robert Bales and Danielle Bales
v State Farm Fire and
Casualty Company
For the Western District
of Oklahoma
Case # 22-cv-00851
Deposition Date: October 27, 2023