**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) GEORGE COLLINS and | ) | |
| (2) ALRIKA COLLINS, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Case No. 6:22-cv-00318-RAW-JAR |
| | ) | |
| (1) STATE FARM FIRE AND | ) | |
| CASUALTY COMPANY, | ) | |
| | ) | |
| *Defendant*. | ) | |

---

**PLAINTIFFS' UNOPPOSED MOTION TO EXCEED PAGE LIMIT AND TO EXTEND
RESPONSE DEADLINE FOR THEIR RESPONSE TO DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

---

COMES NOW Plaintiffs George Collins and Alrika Collins ("Plaintiffs") and files this, their Unopposed Motion to Exceed the Page Limit and to Extend Response Deadline to file Plaintiffs' Response to Defendant's Motion for Summary Judgment on Plaintiffs' Claims, and respectfully state:

## I.      INTRODUCTION

1.      The deadline to file dispositive motions in this lawsuit was February 16, 2024. Dkt. No. 50 at 1.

2.      Defendant sought leave from the court on February 13, 2024, to file an oversized motion for summary judgment on the basis that the motion would necessitate a detailed recital of the facts based on an over 8,000-page claim file. Dkt. No. 66 at ¶¶ 2–4. Plaintiffs notified Defendant's counsel it was unopposed to its motion for leave. *See generally* Dkt. No. 66 (titled as an "unopposed" motion for leave).

3.      The Court granted Defendant's motion for leave and Defendant filed its almost 40-page Motion for Summary Judgment as to all of Plaintiffs' claims on February 16, 2024. *See* Dkt. No. 67; *see generally* Dkt. No. 68.

4.      Plaintiffs' response is therefore due 14 days after which would be March 1, 2024. LCvR 7.1(d) ("[P]arty opposing a motion or objection shall file with the Court Clerk and serve upon all other parties a response within fourteen (14) days, if applicable, from the date the motion.").

5.      Plaintiffs' counsel immediately began reviewing the motion and evidence attached to Defenant's Motion for Summary judgment.

6.      However, due to the extensive factual allegations within Defendant's Motion for Summary Judgment that require verification, and Plaintiffs own gathering of evidence and legal to support their response in opposition to Defendant's Motion for summary Judgment, and other professional obligations, such as previously scheduled depositions, Plaintiffs' counsel does not believe 14 days will allow them sufficient time to draft a proper response.

7.      Plaintiffs therefore request a short 7-day extension of the deadline to respond to Defendants' Motion for Summary Judgment due to the importance of properly responding to dispositive motions and the need to fully apprise the court of the evidence and law in support of Plaintiffs' contested claims.

8.      Like Defendant, Plaintiffs anticipate needing more than the allowed 25 pages to fully respond to Defendant's Motion, including the extensive 156 purported undisputed facts over 27 pages. Plaintiffs anticipate needing no more than 40 pages for their response, exclusive of the caption, signature blocks, and exhibits.

9.      Plaintiffs have conferred with Defendant about the relief requested herein and Defendant is unopposed to extend Plaintiffs' Response deadline by seven (7) days.  Plaintiffs

therefore request that the Court extend their Response deadline by seven (7) days.  The original deadline date for Plaintiffs' Responses was March 1, 2024. The new proposed deadline date would be March 8, 2024. No other deadlines would be affected by this extension.

10.     Defendant, likewise, has no objection to Plaintiffs' request to exceed the page limit. Plaintiffs, therefore, request the Court to allow them to exceed the page limit for their response, up to 40 pages.

## II.     ARGUMENTS AND AUTHORITIES

11.     Rule 16 Scheduling Order deadlines may be modified: (1) "for good cause", and (2) with the judge's consent. Fed. R. Civ. P. 16(b)(4); While the scheduling order "defines a lawsuit's boundaries in the trial court and on appeal, total inflexibility is undesirable." *Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (internal quotation marks and citation omitted).

12.     "The "good cause" standard 'requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.'" *E & S Trucking, LLC v. FleetPride, Inc.*, No. CIV-20-754-D, 2021 WL 3673841, at *2 (W.D. Okla. Aug. 18, 2021) (quoting *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006)).

13.     Good cause exists for modification of the Docket Control Order under these circumstances.

14.     First, despite Plaintiffs' diligence in scheduling personal affairs and professional obligations to comply with the Court's Scheduling Order Plaintiffs' counsel was unable to reschedule previously set deadlines and depositions to allow sufficient time to draft a response addressing all of Defendant's factual allegations and legal arguments.

15.     The issues Plaintiffs must address in their responses will require careful review of Defendant's 42-page motion, a review of the current discovery production and proposed exhibits including Defendant's 8,000 page claim file alongside Plaintiffs' own production which is over 1,000 pages, diligent research of the law regarding bad faith, and likely drafting, reviewing, and executing affidavits to support Plaintiffs' response.

16.     Defendant's Motion for Leave to file its Oversized Motion for Summary Judgement is additional evidence that more time than normally permitted is required. Defendant's Motion for Summary Judgment exceeds the normal 25-page limit under the local rules by 17 pages. *See* LCvR 7.1(c) ("No brief shall be submitted that is longer than twenty-five (25) typewritten pages without leave of Court."); *see generally* Dkt. No. 68 (Defendant's 42-page Motion for Summary Judgment).

17.     Therefore, Plaintiffs must now respond to 17 more pages worth of facts and law than would normally be required under the local rules. *See* LCvR 7.1(c) ("No brief shall be submitted that is longer than twenty-five (25) typewritten pages without leave of Court.").

18.     Without an opportunity to properly review, research, and prepare the response Plaintiffs' counsel will not be able to present the Court with all relevant facts and legal arguments necessary to properly address all of the issues and arguments in Defendant's Motion for Summary judgment.

19.     Therefore, it is critical that Plaintiff's response deadline be extended so that Plaintiffs can present the Court with all relevant facts and law to allow the Court to make the proper rulings.

20.     Due to Plaintiffs inability to foresee the deadlines overlapping with Plaintiffs' counsel's other professional obligations, and because of the extensive issues that must be addressed in Defendant's 37-page Motion for Summary Judgment which will require more than

the normal 14-days to respond, "conditions exist—even with due diligence—which are difficult to overcome" to meet the current deadlines. *See Banks v. Opat*, No. 15-3093-HLT-GEB, 2021 WL 1056428, at *2 (D. Kan. Mar. 19, 2021). Therefore, good cause exists to extend Plaintiffs' response deadlines.

21.    Finally, Defendant would not be prejudiced should the Court grant the extension of deadlines. The additional time to respond would not provide Plaintiffs any additional advantage because Plaintiffs will still be arguing the current law and facts. Further, the additional time to review Defendant's Motion for Summary Judgment may benefit both the Parties and the Court as the additional time may allow Plaintiffs and Defendant an opportunity to discuss, agree, or narrow the issues of disputed facts and Plaintiffs' claims. Additionally, the proposed continuance would not affect any other deadlines including the trial date. *See* Dkt. No. 50 (next deadline set after dispositive motions deadline is "Motions in Limine Filed" set for June 14, 2024).

### III.    REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court extend the deadlines to Respond to Defendant's Motion for Summary Judgment on Plaintiffs' Claims [Dkt. No. 58] by seven (7) days, and to allow Plaintiffs to exceed the 25-page limit and allow them up to 40 pages for their response, and all other relief that Plaintiffs may be entitled to.

Respectfully submitted,

*/s/Terry M. McKeever*
Terry M. McKeever
OBA#21751
tmm@fylaw.com

**FOSHEE & YAFFE LAW FIRM**
P.O. Box 890420
Oklahoma City, Oklahoma 73189
Telephone:    (405) 378-3033

**-AND-**

5

Preston J. Dugas III
*Admitted Pro Hac Vice*
pdugas@dcclawfirm.com

**DUGAS & CIRCELLI, PLLC**
1701 River Run, Suite 703
Fort Worth, Texas 76107
Telephone:      (817) 945-3061
Facsimile:      (682) 219-0761

**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that I, counsel for Plaintiffs conferred with counsel for Defendant via Telephonic Conference on February 27, 2024 and discussed this Motion. Defendant stated it was unopposed to the relief requested above.

*/s/Terry M. McKeever*
Terry M. McKeever