IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) GEROGE COLLINS and <br> (2) ALRIKA COLLINS, <br><br> *Plaintiffs*, <br><br> v. <br><br> (1) STATE FARM FIRE AND <br> CASUALTY COMPANY, <br><br> *Defendant*. | Case No. 6:22-cv-00318-RAW-JAR |

**PLAINTIFFS' UNOPPOSED MOTION TO RESET
HEARING FOR DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Plaintiffs George Collins and Alrika Collins ("Plaintiffs") and files this, their Unopposed Motion to Reset the Hearing for Defendant's Motion for Summary Judgment, and respectfully state:

**I.   INTRODUCTION**

1. Trial in this case is set for July 29, 2024. Dkt. No. 50 at 2.

2. Defendant filed its 42-page Motion for Summary Judgment as to all of Plaintiffs' claims on February 16, 2024. *See* Dkt. No. 67; *see generally* Dkt. No. 68.

3. Plaintiffs timely filed their Response to Defendant's Motion for Summary Judgment on March 8, 2024. *See* Dkt. No. 71 (setting deadline to file response for March 8, 2024); *see also* Dkt. No 72 (Plaintiff's Response to Defendant's Motion for Summary Judgment).

4. Thereafter Defendant filed its Reply on March 25, 2024. Dkt. No. 74.

5. On May 15, 2024, the Honorable Magistrate Judge Jason A. Robertson set Defendant's Motion for Summary Judgment for in-person oral arguments on May 23, 2024 at the U.S. Courthouse in Muskogee, Oklahoma. Dkt. No. 75.

6.      Plaintiffs' counsel, Preston J. Dugas III, and Terry McKeever unfortunately have conflicting professional and personal obligations that would result in an undue burden should the hearing not be reset

7.      First, Mr. Dugas' son will be receiving a school award on Thursday, May 23, 2024, and further, Mr. Dugas will be participating in a previously scheduled and paid for mediation for another client that morning.

8.      Similarly, Mr. McKeever has a final pre-trial conference-hearing also set for Thursday, May 23, 2024 before the Oklahoma State Board of Osteopathic Examiners (OSBOE-2023-101) for one of Mr. McKeever's other clients. McKeever's co-counsel in that matter is a state legislator who is still in session.

9.      Plaintiffs' counsel Mr. Dugas is also unavailable from May 29, 2024, through June 9, 2024 because of an overseas family vacation that has been planned and paid-on for months in advance. As a result, Mr. Dugas will be overseas during this time and unable to attend any hearing set at this time.

10.     Mr. Dugas is also unavailable from June 17, 2024, through June 21, 2024, because of a professional education event in Houston, Texas. This professional education event was also planned and paid for months before the Court set Defendant's Motion for Summary Judgement for oral argument.

11.     Plaintiffs have conferred with counsel for Defendant about the relief requested herein. Defendant's counsel is unopposed to resetting the current May 23, 2024 Hearing on Defendant's Motion for Summary Judgment.

## II.     ARGUMENTS AND AUTHORITIES

12.     Rule 16 Scheduling Order deadlines may be modified: (1) "for good cause", and (2) with the judge's consent. Fed. R. Civ. P. 16(b)(4); While the scheduling order "defines a

lawsuit's boundaries in the trial court and on appeal, total inflexibility is undesirable." *Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (internal quotation marks and citation omitted).

13. "The "good cause" standard 'requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.'" *E & S Trucking, LLC v. FleetPride, Inc.*, No. CIV-20-754-D, 2021 WL 3673841, at *2 (W.D. Okla. Aug. 18, 2021) (quoting *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006)).

14. Good cause exists for modification of the Court's recent setting of oral arguments on Defendant's Motion for Summary Judgment under these circumstances.

15. First, these conflicts are not the result of Plaintiffs' counsels' failure to consider a deadline set by the Court.

16. At the time when Mr. Dugas' mediation and Mr. McKeever's pre-trial conference were initially scheduled, this honorable Court had not yet set Defendant's Motion for Summary Judgment for oral arguments. *See* Dkt. No. 75 (Minute Order entered on May 17, 2024, setting oral argument for May 23, 2024).

17. Therefore, despite Plaintiffs' counsels' diligence in scheduling personal affairs and professional obligations to comply with the Court's Scheduling Order, Plaintiffs' counsel was unable to foresee that oral argument would be set by the Court for Defendant's Motion for Summary Judgment on May 23, 2024. As a result, Plaintiffs' counsel could not know to avoid scheduling personal or other professional obligations on May 23, 2024.

18. Finally, the current conflicts have been scheduled for months and would result in an undue burden if Plaintiffs' counsel was required to reschedule these obligations. Mediation fees have already been paid; clients have already been notified to schedule time to prepare with their

respective attorney; and rescheduling these other professional obligations would result in an unknown delay in time for these other matters.

19. Therefore, it is critical for oral arguments for Defendant's Motion for Summary Judgment be reset so Plaintiffs' counsel may reschedule any other potential conflict in a timely manner and prepare for oral argument on Defendant's Motion.

20. Resetting the current hearing would avoid any undue burden on Plaintiffs' counsel and provide counsel to fully prepare for argument to enable the Court to make the proper rulings on all facts and law.

21. Due to Plaintiffs' counsel's inability to foresee the Court's oral argument setting conflicting with Plaintiffs' counsel's other professional obligations, and because of the extensive issues that must be addressed regarding Defendant's 42-page Motion for Summary Judgment, "conditions exist—even with due diligence—which are difficult to overcome" to meet the current deadline. *See Banks v. Opat*, No. 15-3093-HLT-GEB, 2021 WL 1056428, at *2 (D. Kan. Mar. 19, 2021). Therefore, good cause exists to reset the hearing on Defendant's Motion for Summary Judgment.

22. Finally, Defendant would not be prejudiced should the Court reset the hearing. The additional time between the original hearing date of May 23, 2024, and the new hearing date, if granted, would provide all parties the opportunity to fully prepare and address all legal and factual issues.

23. Additionally, the Parties have already filed their final witness and exhibit lists. *See* Dkt. Nos. 62, 63, 64, 65. As a result, the Parties have already begun to prepare for trial on all of Plaintiffs' claims. Further, the claims at issue in Defendant's Motion are inextricably intertwined with one another, and preparing for trial on Plaintiff's breach of contract claims necessarily also requires preparing for Plaintiffs' bad-faith tort claim. *See* Dkt. No. 50 at 2 (setting June 3, 2024 as

the deadline for Deposition Designations pursuant to Local Civil Rule 30.1(c)). As a result, any slight delay in issuing a decision on Defendant's Motion for Summary Judgment because of a resetting would not require extensive preparation on claims that may not reach the jury.

24.     Finally, Plaintiffs' counsel would humbly ask the Court to consider Mr. Dugas and Mr. McKeever's additional previously scheduled obligations discussed above. These were arranged months before counsel learned of the need for oral arguments on Defendant's Motion for Summary Judgment. Plaintiffs do not file this Motion to cause unreasonable delay but instead to avoid undue burdens and ensure Plaintiffs present their arguments on these material issues.

### III.     REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court reset the hearing for oral argument on Defendant's Motion for Summary Judgment, and all other relief that Plaintiffs may be entitled to.

Respectfully submitted,

*/s/Preston J. Dugas III*
Preston J. Dugas III
*Admitted Pro Hac Vice*
pdugas@dcclawfirm.com
**DUGAS & CIRCELLI, PLLC**
1701 River Run, Suite 703
Fort Worth, Texas 76107
Telephone:     (817) 945-3061
Facsimile:     (682) 219-0761

-AND-

Terry M. McKeever
OBA#21751
tmm@fylaw.com
**FOSHEE & YAFFE LAW FIRM**
P.O. Box 890420
Oklahoma City, Oklahoma 73189
Telephone:     (405) 378-3033

**ATTORNEYS FOR PLAINTIFFS**

5

## CERTIFICATE OF CONFERENCE

I hereby certify that I, counsel for Plaintiffs conferred with counsel for Defendant via email Conference on May 17, 2024 and discussed this Motion. Defendant stated it was unopposed to the relief requested above.

*/s/Preston J. Dugas III*
Preston J. Dugas III

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record pursuant to the Federal Rules of Civil Procedure on May 17, 2024 in manner described below:

*via e-service:*
J. Andrew Brown, OBA #22504
dbrown@abg-oklaw.com
Andrew G. Wakeman, OBA #21393

**ATKINSON, BRITTINGHAM,
GLADD, FIASCO & EDMONDS**
1500 ParkCentre
525 South Main Street
Tulsa, OK 74103-4524
Telephone: (918) 582-8877
Facsimile: (918) 585-8096

**ATTORNEY FOR DEFENDANT SFF&CC**

*/s/Preston J. Dugas III*
Preston J. Dugas III